United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVID YONAI, | |
| Plaintiff, | No. C 07-1414 PJH (PR) |
| vs. | **DISMISSAL WITH LEAVE TO AMEND** |
| C. O. SELLES, et al., | |
| Defendants. | |

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis ("IFP").

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

///

**B.  Legal Claims**

This is plaintiff's statement of his claim:  "All of the defendants in this civil lawsuit violated my 8th and 14th Constitutional Amendment by inflicting cruel and unusual punishment upon my person or by being a accessor[y] or negligent to the facts stated and denied me equal protection of the laws and the right to be free from cruel and unusual punishment by doing everything listed in my attached supporting documents for this civil lawsuit. [¶]  See attached pages...."   This statement is just an assertion that plaintiff's rights were violated, without any indication of how that is alleged to have occurred, that is, what it was that constituted the violation.  This is insufficient to state a claim  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ("While a complaint ... does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level.").

Plaintiff does refer to his attached pages in the claim quoted above.  One attachment is a letter from the Office of the Inspector General of California saying that the issues he raises (which are not specified) can be better addressed "generally," and closing "this matter."  Another is from the Government Claims Board rejecting plaintiff's claim as untimely; the nature of the claim is not stated.  Another is a letter from the Ombudsman of California saying that he does not get involved with "the sentencing court" or matters which have not been administratively exhausted; it does not say what matter plaintiff raised to him. The final attachment is a lengthy handout from the Prison Law Office regarding "Guard Brutality/Harassment."  In short, the attachments do not remedy the deficiencies of plaintiff's statement of claim.

**C.  Motion for appointment of counsel**

Petitioner moves for appointment of counsel.  There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although 28 U.S.C. § 1915(e)(1) gives district courts the power to "request" that counsel

represent an IFP litigant, this does not give them the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). It is difficult to evaluate plaintiff's chances of success on the merits at this early stage of the case, but he has not even come close to stating a claim. Given this, it is not in the interests of justice to "appoint" scarce pro bono counsel. The motion will be denied. It may be renewed if plaintiff amends and the court determines that he has a viable claim.

## CONCLUSION

1. Plaintiff's motion for appointment of counsel (document number 4) is **DENIED**.

2. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of the case.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

Dated: July 3, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\YONAI414.DWL

3